# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: February 8, 2022

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * | | |
| MATTHEW J. JOHNSON, | * | UNPUBLISHED |
| | * | |
| | * | No. 16-1630V |
| Petitioner, | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs; |
| AND HUMAN SERVICES, | * | Interim Award. |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * | | |

*Richard Gage*, Richard Gage, P.C., Cheyenne, WY, for petitioner.
*Benjamin P. Warder*, United States Department of Justice, Washington, DC for respondent.

## DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

On December 30, 2021, Matthew J. Johnson ("petitioner"), filed his first motion for interim attorneys' fees and costs. Petitioner's Interim Fees Application ("Pet. Int. App.") (ECF No. 89). For reasons discussed below, I hereby **GRANT** petitioner's motion and award a total of $152,679.16.00 in interim attorneys' fees and costs.

### I.   Procedural History

On December 9, 2016, petitioner initiated his claim in the National Vaccine Injury Compensation Program.[2] Petitioner alleges that as a result of receiving the Twinrix Hep A/B vaccine on March 18, 2015, he developed small fiber neuropathy. Petition. Petitioner filed supporting medical records. Petitioner ("Pet.") Exhibits ("Exs.") 1-29.

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), **because this decision contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id.* **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to 34 (2012) ("Vaccine Act" or "the Act"). Hereinafter, individual section references will be to 42 U.S.C. §300aa of the Act.

On January 12, 2018, petitioner filed a motion to substitute counsel.  Pet. Mot. to Substitute Attorney (ECF No. 34).  Petitioner's motion was granted and Mr. Richard Gage took the place of Mr. James Snowden as petitioner's attorney.

On April 23, 2018, petitioner filed an expert report from Marcel Kinsbourne, M.D. and accompanying medical literature.  Pet. Exs. 30-41 (ECF Nos. 37-38).  Respondent filed an expert report from Vinay Chaudrhy, M.D.  Respondent ("Resp.") Ex. A (ECF No. 40).

On September 26, 2018, I held a Rule 5 status conference where I ordered the parties to file supplemental expert reports.  Rule 5 Order (ECF No. 42).  Petitioner filed an affidavit on October 12, 2018.  ECF No. 43.  In compliance with the Rule 5 Order, petitioner filed a supplemental expert report from Dr. Kinsbourne and accompanying medical literature.  Pet. Exs. 45 & 46.  Respondent filed his supplemental responsive expert report on April 1, 2019.  Resp. Ex. B (ECF No. 48).

On June 11, 2019, respondent filed his Rule 4(c) Report, recommending against compensation.  Resp. Report ("Rept.") (ECF No. 49).  I held another status conference on June 17, 2019, providing my preliminary view that petitioner had a likelihood of success in this case and recommended that the parties work towards settlement.  Order (ECF No. 51).  However, settlement negotiations were unsuccessful and respondent filed a status report on November 26, 2019 stating, "Respondent advises that his position continues to be that this case is not appropriate for compensation under the terms of the Vaccine Act.  As such, there is not a possibility for settlement at this time."  Resp. Status Rept. (ECF No. 56).

I held another status conference on January 3, 2020, directing the parties to propose dates for an entitlement hearing.  Scheduling Order (ECF No. 57).  On April 13, 2020, I issued a hearing order, setting an entitlement hearing for April 28-29, 2021.  Hearing Order (ECF No. 59).

Petitioner filed additional medical literature on January 21, 2021 and a pre-hearing brief on March 5, 2021.  Pet. Prehearing Brief (ECF No. 68).  Petitioner also filed a second supplemental expert report from Dr. Kinsbourne on March 31, 2021.  Pet. Ex. 63 (ECF No. 70).  On April 12, 2021, respondent filed his pre-hearing brief.  Resp. Pre-hearing Brief (ECF No. 72).  An entitlement hearing was held on April 28, 2021 via remote video conference.  Minute Entry, April 28, 2021.

On September 1, 2021, petitioner filed his post-hearing brief.  Pet. Post-Hearing Brief (ECF No. 87).  Petitioner then filed this instant motion for interim attorneys' fees and costs, requesting a total of $155,362.96.  Pet. Int. App. at 4.  Respondent file a response on January 5, 2022, in which he deferred to my determination as to whether an interim award was appropriate at this time, and what a reasonable award would be.  Resp. Response (ECF No. 90).  Petitioner has not filed a reply.

This matter is now ripe for adjudication.

2

## II. Legal Standard for an Award of Attorneys' Fees and Costs

The Vaccine Act provides that reasonable attorney's fees and costs "shall be awarded" for a petition that results in compensation. §15(e)(1)(A)-(B). Even when compensation is not awarded, reasonable attorneys' fees and costs "may" be awarded "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for which the claim was brought." § 15(e)(1). The Federal Circuit has reasoned that in formulating this standard, Congress intended "to ensure that vaccine injury claimants have readily available a competent bar to prosecute their claims." *Cloer v. Sec'y of Health & Human Servs.*, 675 F.3d 1358, 1362 (Fed. Cir. 2012). In this case, respondent is satisfied that the statutory requirements for an award of attorneys' fees and costs are met. Resp. Response at 2. In light of respondent's position and my full review of the evidence, I find that this claim was filed with and has maintained good faith and reasonable basis.

Section 15(e) of the Vaccine Act permits an award of reasonable attorneys' fees and costs. In addition, the Vaccine Act permits interim attorneys' fees and costs. *See Avera*, 515 F.3d at 1352; *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372 (Fed. Cir. 2010). When a petitioner has yet to prove entitlement, the special master may grant an interim award of reasonable attorneys' fees and costs if the special master "determines that the petition was brought in good faith and there was a reasonable basis for the claim." § 15(e)(1)(B); *Sebelius v. Cloer*, 133 S. Ct. 1886, 1893 (2013). I find that this claim was brought in good faith and with a reasonable basis.

In *Shaw,* the Federal Circuit held that it was proper to grant an interim award when "*the claimant* establishes that the cost of litigation has imposed an undue hardship." 609 F.3d at 1375 (emphasis added). In *Avera,* the Federal Circuit stated that "[i]nterim fees are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." 515 F.3d at 1352. I do not routinely grant interim fee applications. I generally defer ruling on an interim fee application if: the case has been pending for less than 1.5 years (measured from the date of filing); the amount of fees requested is less than $30,000; and/ or the aggregate amount of expert costs is less than $15,000. If any one of these conditions exists, I generally defer ruling until these thresholds are met or until an entitlement hearing has occurred. These are, however, only informal requirements, and there are many factors bearing on the merit of an interim fee application. I evaluate each one on its own merits.

Here, petitioner's counsel has been working on this claim since 2018. Petitioner's attorney entered this case after the claim was initially filed by a different attorney. *See* Consented Motion to Substitute Attorney (ECF No. 34). The claim has been pending in the Vaccine Program for six years. Petitioners' counsel has incurred $30,000 in attorneys' fees and has incurred substantially more than $15,000 in costs since this claim was filed. Additionally, this case has already had an entitlement hearing and counsel may incur additional costs filing post-hearing documents. Accordingly, based on the substantial expenses incurred to date and the protracted nature of this claim, I find it is appropriate to award petitioners' counsel interim attorneys' fees and costs at this time.

### III. Reasonable Attorneys' Fees and Costs

#### A. Legal Standard

As stated above, the Vaccine Act only authorizes "reasonable" attorneys' fees and costs. The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera*, 515 F.3d at 1349. Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347-58 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. *Id.* at 1348. Although not explicitly stated in the statute, the requirement that only reasonable amounts be awarded applies to costs as well as to fees. *See Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994).

Special masters have "wide discretion in determining the reasonableness of both attorneys' fees and costs." *Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). They may look to their experience and judgment to reduce the number of hours billed to a level they find reasonable for the work performed. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993). A line-by-line evaluation of the billing records is not required. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 483 (1991), *aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993 (per curiam).

The petitioner "bea[rs] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson*, 24 Cl. Ct. at 484. Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484, n. 1. Counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

#### B. Hourly Rates

A reasonable hourly rate is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skills, experience and reputation." *Id.* at 1348 (quoting *Blum,* 465 U.S. at 896 n. 11). This rate is based on "the forum rate for the District of Columbia," rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriquez v. Sec'y of Health & Human Servs.,* 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera,* 515 F. 3d at 1349). There is a "limited exception" that provides for attorneys' fees to be awarded at local hourly rates when "the bulk of the attorney's work is done out the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and the forum hourly rate. *Id.* This is known at the *Davis County* exception. *See Hall v. Sec'y of Health & Human Servs.,* 640 F.3d 1351, 1353 (Fed. Cir. 2011) (citing *Davis Cty. Solid Waste Mgmt & Energy Recovery Special Serv. Dist. v. U.S. EPA,* 169 F. 3d 775, 758 (D.C. Cir. 1999). For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorney's experience. *See McCulloch v.*

*Sec'y of Health & Human Servs.,* No. 09-293V, 2015 WL 5634323, at *19-22 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has issued a fee schedule that updates the *McCulloch* rates to account for inflation in subsequent years.

### 1. Rates for Wolfe, Snowden, Hurd, Luers & Ahl, LLP

Petitioner requests that the work performed by attorneys at Wolfe, Snowden, Hurd, Luers & Ahl, LLP be compensated for their work prior to petitioner substituting counsel for a total amount of $26,553.74. Pet. Int. App. at 7, 109. Specifically, petitioner requests that attorney, James Snowden be compensated at an hourly rate of $190.00 per hour for work performed in 2016 and 2017 and that attorney Mr. Jack G. Wolfe be compensated at a rate of $225.00 per hour for work performed in 2017 and 2018. Further, petitioner requests that a paralegal that performed work on his case at the Wolfe, Snowden, Hurd, Lures &Ahl firm be reimbursed at an hourly rate of $65.00 per hour for the period of 2016-2018.

This is the only case that Mr. Snowden has performed work on in the Vaccine Injury Program. Further, Mr. Snowden and Mr. Wolfe practice in Lincoln, Nebraska. Petitioner does not request forum rates for Mr. Snowden and Mr. Wolfe, and as such, forum rates will not be extended. Therefore, their rates are reasonable and no adjustment to the rate is necessary.

### 2. Rates for Richard Gage, P.C. Firm

Additionally, petitioner requests that attorneys Mr. Richard Gage and Ms. Kristen Blume be compensated for work performed on his case from 2018 to 2021. Specifically, petitioner requests that Mr. Gage be compensated at an hourly rate of $326.00 per hour for work performed in 2018; $338.00 per hour for work performed in 2019; $350.00 per hour for work performed in 2020; and $362.00 per hour for work performed in 2021. Pet. Int. App. at Tab D. Petitioner requests that Ms. Blume be compensated at an hourly rate of $270.00 per hour for work performed in 2018; $338.00 per hour for work performed in 2019; and $355.00 per hour for work performed in 2021. *Id.* at Tab E. Further, petitioner requests that paralegal work performed at the Gage firm be reimbursed at an hour rate of $120.00-$130.00 (2021) for work performed between 2018-2021.

In this case, Mr. Gage is not seeking forum rates, but instead rates that are consistent with other attorneys' fees decisions issued by myself and other Special Masters. In *Hendrickson,* I adjusted Mr. Gage's hourly rate in 2018 to $326.00, which is consistent with what he is requesting in the present case. *See Hendrickson v. Sec'y of Health & Human Servs.,* No. 15-812V, 2018 WL 6822351 (Fed. Cl. Spec. Mstr. Nov. 26, 2018). Additionally, I recently issued a decision awarding Mr. Gage the rates requested for 2019, 2020 and 2021. *See Goldman v. Sec'y of Health & Human Servs.,* No. 16-1523V, 2021 WL 3056263 (Fed. Cl. Spec. Mstr. June, 21, 2021). Therefore, I find the requested rates for Mr. Gage and Ms. Blume reasonable and shall be awarded.

### C. Hours Expended

As previously noted, a line-by-line evaluation of the fee application is not required and will not be performed. *Wasson*, 24 Cl. Ct. at 484. Rather, I may rely on my experience to evaluate the reasonableness of hours expended. *Id.* Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests …. [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

### 1. Hours Expended by Wolfe, Snowden, Hurd, Luers & Ahl, LLP

As noted above, Mr. Snowden at the Wolfe, Snowden, Hurd, Luers & Ahl firm initiated the claim on behalf of petitioner. Petitioner provided a detailed billing statement for the work performed by the firm. The hours spent on petitioner's claim appear to be mostly reasonable, however, some adjustments are necessary due to the large amount of time spent researching the VICP by both the attorneys and paralegals. Some research on remedies to a client is generally expected by an attorney, extensive research in an area of law that they are unfamiliar with is typically not billable to a client. However, "it is inappropriate for counsel to bill time for educating themselves about basic aspect of the vaccine Program." *Matthews v. Sec'y of Health & Human Servs.,* No. 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). A paralegal performed approximately 17 hours of research about the Vaccine Program prior to filing the claim and an associate attorney prepared an internal office memorandum about procedures for filing a claim.

The research appears to be a large part of the representation Mr. Snowden and his firm performed for petitioner. As such, a reasonable reduction for these hours is $500.00, which shall be reduced from the final award of fees to Mr. Snowden.

### 2. Hours Expended by Richard Gage, P.C. Firm

Petitioner filed a detailed billing statement for the work performed by Mr. Gage, Ms. Blume, and the paralegals. Overall, the hours spent on this matter appear to be mostly reasonable. However, I noted in my review that I found that counsel had billed at his full rate for travel time for the hearing. Pet. Int. App. at 36. The entries provide that Mr. Gage billed at his full rate of $362.00 per hour for travel on April 26, 27 and the 29th. *Id.* In the Vaccine Program, special masters traditionally have compensated time spent traveling when no other work was being performed at one-half an attorney's hourly rate. *See Hocraffer v. Sec'y of Health & Human Servs.*, No. 99-533V, 2011 WL 3705153, at *24 (Fed. Cl. Spec. Mstr. July 25, 2011); *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *21 (Fed. Cl. Spec. Mstr. Jul. 27, 2009); *English v. Sec'y of Health & Human Servs.*, No. 01-61V, 2006 WL 3419805, at *12-13 (Fed. Cl. Spec. Mstr. Nov. 9, 2006). However, special masters should not use this rule as standard practice but rather "[e]ach case should be assessed on its own merits." *Gruber v. Sec'y of Health & Human Servs.*, 91 Fed. Cl. 773, 791 (2010). "Even an automatic 50% award may be too high for an undocumented claim, given the possibility that an attorney may use the travel time to work on another matter or not to work at all while traveling." *Id.* As such, a reasonable reduction of these hours will be $2,859.80, which shall be reduced from the final award of fees to Mr. Gage.

### D. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v.Sec'y of Health & Human Servs.,* 27 Fed. Cl. 29, 34 (Fed. Cl. 1992).

#### 1. Costs for Wolfe, Snowden, Hurd, Luers & Ahl, LLP

In this case, petitioner requests $2,538.24 in attorneys' costs for the Wolfe, Snowden, Hurd, Luers, & Ahl firm. The costs of obtaining medical records, filing the claim and postage appear to be reasonable and they were sufficiently documented. Pet. Int. App. at 118. These costs will be paid in full to Mr. Snowden.

#### 2. Costs for Richard Gage P.C.

Petitioner is also requesting that the Gage firm be reimbursed for $46,715.72 in attorneys' costs for the work from 2018 to present. These costs include acquiring medical records, travel for the entitlement hearing, the retention of Dr. Marcel Kinsboune as a medical expert, the testimony of Dr. James Bobenhouse (petitioner's treating neurologist), a vocational expert to develop a life-care plan, and for the retention of Mark S. McNulty, PhD for an economic evaluation of petitioner.

Dr. Kinsbourne has submitted a detailed bill indicating his rate is $500.00 per hour. As Dr. Kinsbourne has provided multiple expert reports and testified in this matter, costs associated with his work will be paid in full. The other costs, such as traveling for an entitlement hearing, acquiring medical records, and paying for the testimony of petitioner's treating neurologist's time to testify are reasonable.

At this time, however, I am declining to reimburse for Dr. Mark S. McNulty's services as an economic evaluator of $500.00. It appears that this invoice was from September 2020, after the parties had set an entitlement hearing and stopped engaging in settlement discussions. Further, the invoice provides scant details as to the credential of Dr. McNulty or what type of service he provided. As such, I will reduce petitioner's costs by $500.00. Petitioner may resubmit the invoice of Dr. McNulty when petitioner submits a final attorneys fees motion, and it should include additional details regarding the credentials of Dr. McNulty and the purpose of his services.

### IV. Conclusion

In accordance with the foregoing, petitioner's motion for final attorneys' fees and costs is **GRANTED.** I find that the following is reasonable:

7

### A. Wolfe, Snowden, Hurd, Luers & Ahl, LLP

| | |
|---|---|
| Attorneys' Fees Requested | $23,765.50 |
| (Adjustment to Fees) | ($500.00) |
| **Attorneys' Fees Awarded** | **$23,265.50** |
| | |
| Attorneys' Costs Requested | $2,538.24 |
| (Adjustment to Costs) | --- |
| **Total Award of Attorneys' Fees and Costs** | **$25,803.74** |

### B. Attorneys' Fees and Costs for Richard Gage, P.C.

| | |
|---|---|
| Attorneys' Fees Requested | $83,519.50 |
| (Adjustments for Fees) | ($2,859.80) |
| **Attorneys' Fees Awarded** | **$80,659.70** |
| | |
| Attorneys' Costs Requested | $46,715.72 |
| (Adjustment to Costs) | ($500.00) |
| **Attorneys' Costs Awarded** | **$46,215.72** |
| | |
| **Total Award of Attorneys' Fees and Costs** | **$126,875.42** |

**Accordingly, I award the following:**

1) **A lump sum in the amount of $25,803.74, representing reimbursement for final attorneys' fees and costs, in the form of a check payable to petitioner and his attorney, Mr. James Snowden, of Wolfe, Snowden, Hurd, Luers & Ahl, LLP; and**

2) **A lump sum in the amount of $126,875.42, representing reimbursement for interim attorneys' fees and costs, in the form of a check payable to petitioner and his attorney, Mr. Richard Gage.**

In absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court shall enter judgment in accordance herewith.

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master
